[861 NYS2d 71]

# In the Matter of EDWARD C. KLEIN (Admitted as EDWARD CARL KLEIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 10, 2008

APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Stacey J. Sharpelletti* of counsel), for petitioner.

*Edward C. Klein*, Babylon, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition containing two charges of professional misconduct. After a preliminary conference and a hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent does not dispute the factual allegations contained in the Special Referee's report and does not contest the Grievance Committee's motion to confirm. He asks that, upon consideration of all of the facts and circumstances of this matter, no additional disciplinary action be taken.

Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2), in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

On or about June 6, 2006, the respondent pleaded guilty before the Honorable Susan T. Kluewer in the District Court, Nassau County, First District, to attempted reckless endangerment in the second degree, in violation of Penal Law §§ 110.00 and 120.20, a class B misdemeanor; disorderly conduct by creating a hazardous or physically offensive condition by an act which serves no legitimate purpose, with the intent to cause public inconvenience, annoyance, or alarm or recklessly creating a risk thereof, in violation of Penal Law § 240.20 (7), a violation; and harassment in the second degree by striking, shoving, kicking, or otherwise subjecting another person to physical contact, or attempting or threatening to do the same, with the intent to harass, annoy, or alarm that person, in violation of Penal Law § 240.26, a violation.

On or about June 6, 2006, the respondent admitted before Judge Kluewer that on October 18, 2005, he engaged in disorderly conduct by making it difficult for a crossing guard to perform her duties, attempted to recklessly endanger the crossing guard by interfering with her duties and being rude to her, and harassed the crossing guard by actually striking her with his vehicle, causing her to fall to the ground.

On August 10, 2006, the respondent was sentenced on his plea to one year of probation, with the condition that he undergo anger management therapy. He was also directed to make restitution in the sum of $3,640, and pay fines totaling the sum of $500, a $20 victim's assistance fee, and a $140 surcharge.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), in that he behaved improperly toward a crossing guard, based on the factual specifications set forth in charge one.

Inasmuch as the changes are uncontested, the Special Referee properly sustained them and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider his successful completion of the probationary term, the restitution made, and the fact that he voluntarily began a course of treatment by a licensed psychologist. The respondent is aware of the inappropriateness of his conduct and has worked diligently to ensure that it does not recur.

The respondent has no disciplinary history.

In view of the mitigation advanced, the respondent's remorse and good standing in the legal community, and the fact that his misconduct, however inappropriate, was unrelated to the practice of law, he is publicly censured.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and SKELOS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.